IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re | Chapter 7 |
|---|---|
| KAREN Y. MCCARRELL, | Case No. 06-00004-SSC |
| Debtor. | ORDER DENYING DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 362(C)(3) TO CONTINUE STAY RELIEF |

This matter comes before the Court on an "Emergency Motion Purusant to 11 USC 362(C)(3) to Continue Stay Relief" ("Emergency Motion") filed on January 10, 2006, by Karen Y. McCarrell, the Debtor herein. The Debtor is requesting that the automatic stay of 11 U.S.C. § 362 remain in place.

The Court has reviewed the electronic docket in this matter concerning the Debtor's previous cases.[1] On December 5, 2005, the Court denied this Debtor's Motion for Reconsideration of Order Granting Relief from the Automatic Stay in Case No. 05-17690.[2] The Court incorporates the findings of fact and conclusions of law from the December 5, 2005 Order in Case No. 05-17690 in this Order.

---

[1] There are two case filed by the Debtor in the previous year. Case No. 05-28104, filed by the Debtor December 2, 2005 and dismissed December 22, 2005 and Case No. 05-17690 filed by the Debtor September 14, 2005 and dismissed December 20, 2005.

[2] The Court believes that this Emergency Motion is designed to circumvent the Court's previous Order.

The Debtor has shown a pattern of filing petitions over a relatively short period of time and then not prosecuting said bankruptcy cases. This failure to prosecute is to the detriment of the Debtor's creditors who are attempting to proceed with their rights and remedies under applicable law. This failure of the Debtor to prosecute her cases militates against this Court taking any action on the Debtor's behalf at this time.

With the Debtors past history in mind, the Court sees no justification to summarily grant stay relief to this Debtor. 11 U.S.C. §362(c)(3)(C)(i)(I) states

> a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) as to all creditors if more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period.

It clear that the Debtor's case is subject to §362(c)(3)(C)(i)(I) based on her two previous bankruptcy filings. As such, she must show by clear and convincing evidence that the current case was filed in good faith. Clear and convincing evidence is "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain." *Black's Law Dictionary* 596 (Bryan A. Garner ed., 8th ed., West 2004). The Debtor has presented no such evidence in this matter. Accordingly relief cannot be granted.

If the Emergency Motion is geared towards circumventing the Court's December 5, 2005 Order in Case No. 05-17690, the Emergency Motion is completely without merit. The Court has previously granted stay relief to Mr. Salti so that he may proceed with a forcible detainer action against the Debtor. There is no reason for this Court to permit a collateral attack of an Order previously entered that has become a final order of this Court.

Additionally, 11 U.S.C. §362(c)(3)(C)(ii) states

> a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

| | |
|---|---|
| 1 | The request of the Debtor is clearly precluded by the §362(c)(3)(C)(ii). In Case No. 05-17690 |
| 2 | the Court terminated the Debtor's stay as to Mr. Salti on November 30, 2005. The Court |
| 3 | denied reconsideration of the Order on December 5, 2005. The case was eventually dismissed |
| 4 | on December 20, 2005. As of the date of dismissal, this Court had terminated the stay. As |
| 5 | such, pursuant to 11 U.S.C. §362(c)(3)(C)(ii), Mr. Salti's stay relief would stay in effect based |
| 6 | on this Court's previous Order. |

Based upon the foregoing,

**IT IS ORDERED** denying the Debtor's Emergency Motion pursuant to 11 U.S.C. 362(C)(3).

**IT IS FURTHER ORDERED** directing the Clerk's office to provide <u>immediately</u> notice of this Order to all creditors, and file an affidavit of service thereon.

DATED this 11th day of January, 2006.

*/s/ Sarah Sharer Curley*

HONORABLE SARAH SHARER CURLEY
United States Bankruptcy Judge

BNC to Notice